IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
STEVEN HAROLD CLANTON,        )
                             )    Civil No. 04-1128-ST
        Petitioner,          )
                             )
     v.                      )
                             )
BRIAN BELLEQUE,              )
                             )    FINDINGS AND RECOMMENDATION
        Respondent.          )
```

Francesca Freccero
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

        Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

///

        1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he seeks to challenge his July 10, 2000 conviction for Manslaughter in the First Degree. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied, and judgment should be entered dismissing this case with prejudice.

<u>BACKGROUND</u>

On November 26, 1999, petitioner was indicted in Multnomah County for one count of Murder in the First Degree for the stabbing death of his brother. Petitioner elected to forego a trial and enter a guilty plea to Manslaughter in the First Degree. Respondent's Exhibit 103. As a result, petitioner was sentenced to 156 months in prison, with a 120-month minimum term. Respondent's Exhibit 101.

Petitioner did not directly appeal his conviction or sentence, but elected to file a petition for post-conviction review ("PCR") in Umatilla County. The PCR trial court denied relief on all of petitioner's claims. Respondent's Exhibits 119-120. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. <u>Clanton v. Hill</u>, 192 Or.App. 487, 89 P.3d 95, <u>rev. denied</u>, 337 Or. 182, 94 P.3d 877 (2004).

Petitioner filed his federal Petition for Writ of Habeas Corpus on August 18, 2004 alleging that: (1) the trial court

2 - FINDINGS AND RECOMMENDATION

imposed an excessive and improper sentence and failed to ensure that he received a fair and impartial trial; (2) trial counsel was ineffective for a variety of reasons; and (3) the PCR trial court erred when it did not find in his favor on an ineffective assistance of counsel claim. Respondent asks the court to deny relief on the Petition because some of petitioner's claims fail to state a basis for federal habeas corpus relief, none of petitioner's claims were fairly presented to the state courts, and all claims lack merit.

<strong><u>DISCUSSION</u></strong>

In his supporting memorandum, petitioner pursues a single ground for relief. He alleges that he was denied the effective assistance of counsel when his trial attorney failed to provide him with the written report of a psychological evaluation he had undergone and, by so doing, failed to fully and adequately advise him of the consequences of pleading guilty. Respondent argues that this claim was not fairly presented to the Oregon state courts.

**I.    Exhaustion and Procedural Default: Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to

the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and, therefore, are not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

///

///

///

4 - FINDINGS AND RECOMMENDATION

II.  **Exhaustion and Procedural Default: Discussion**

Respondent maintains that petitioner failed to fairly present the federal nature of his ineffective assistance of counsel claim to Oregon's state courts.  A review of the record reveals that petitioner alleged in his Amended PCR Petition that he was "denied adequate assistance of counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States and under Article I, Section 11, of the Constitution of Oregon." Respondent's Exhibit 105, p. 2, ¶ 7.  Accordingly, petitioner clearly indicated his desire to pursue a federal claim during his PCR trial, thereby preserving such a claim for appellate review.

In his Appellant's Brief to the Oregon Court of Appeals, petitioner posed the following question in the "Questions Presented on Appeal" section of his brief: "Did the trial court err in finding that trial counsel provided affective [sic] assistance of counsel in light of trial counsel's failure to inform Petitioner of the results of the psychological evaluation?"  Respondent's Exhibit 121, p. 1.  In the "Summary of Argument" and "Conclusion" sections of the Appellant's brief, petitioner alleged that he suffered from the "ineffective assistance of counsel," but did not alert the Oregon Court of Appeals of his alleged desire to raise a federal claim.  Id at 2, 11.

Importantly, in the Argument section of his Appellant's Brief, petitioner specifically raised a "claim of inadequate assistance of

5 - FINDINGS AND RECOMMENDATION

counsel under the Oregon Constitution," but neither referenced the federal constitution, nor cited any federal case.    Id at 8-11. Indeed, nowhere did petitioner's Appellant's Brief reference the federal Constitution or cite any federal case.

Petitioner "acknowledges that his appellate PCR attorney failed to cite federal law in support of that claim" and he "recognizes Supreme Court and Ninth Circuit precedent requiring [federal] citation to satisfy the fair-presentation rule. . . ." Memorandum in Support of Petition (docket #37), p. 2.  Petitioner nevertheless contends that a specific federal citation should be unnecessary where a reference to "ineffective" assistance of counsel is made and the claim relies on state law cases which address the right to counsel under both the Oregon and federal Constitutions.

The Ninth Circuit has held that "citation to either a federal or state case involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005); Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003).  However, "[f]or a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues." Casey v. Moore, 386 F.3d 896, 912, n. 13 (9th Cir. 2004).  Thus, where a litigant cites a state case

without alerting the state court of his reliance on the state case for its discussion of a federal issue, he has not fairly presented a federal constitutional issue for consideration.

Petitioner's Appellant's Brief, while citing Oregon cases to support his "claim of inadequate assistance of counsel under the Oregon Constitution," failed to indicate that he was relying on those cases for their analysis of a federal constitutional issue. This omission is critical. Even if petitioner had not used language in his Appellant's Brief limiting his claim only to the Oregon Constitution, his exclusive reference to "inadequate" assistance of counsel in the Argument section of his Appellant's Brief constitutes "an explicit reference to the usual term referring to the state version of the constitutional right," and, therefore, is insufficient to fairly present a federal "ineffective" assistance of counsel issue to the state courts. Peterson, 319 F.3d at 1160.

Petitioner's case is very similar to Peterson, supra. Petitioner Peterson filed a PCR petition in Oregon clearly alleging the denial of his right to counsel under both the state and federal constitutions. In his brief to the Oregon Court of Appeals, he again claimed that he was denied his right to counsel under the Oregon and United States Constitutions. However, when he sought review in the Oregon Supreme Court, he specifically referred only to his right to counsel under the Oregon Constitution, and cited

7 - FINDINGS AND RECOMMENDATION

only to Oregon cases to support that claim.[1]  Id at 1155.  The
Ninth Circuit concluded that the federal claim had not been fairly
presented to the Oregon Supreme Court and may have been abandoned
for strategic reasons because: (1) petitioner, who enjoyed the
assistance of counsel at all levels of his collateral proceedings,
raised the federal issue in the lower courts before neglecting to
do so in a subsequent appeal; and (2) used the term "inadequate
assistance of counsel" which is specific to the Oregon Constitution
and does not implicate the federal Constitution.  Id at 1159-60.

    Here petitioner, as did petitioner Peterson, clearly
identified a federal constitutional issue for the PCR trial court,
but omitted doing so in his appellate brief.  Petitioner's bare
reference to "ineffective" assistance of counsel in the opening and
conclusion of his Appellant's Brief is insufficient to fairly
present a federal claim where he: (1) clearly identified his claim
as one of "inadequate assistance of counsel under the Oregon
Constitution;" (2) failed to cite to the federal Constitution as he
had done in his Amended PCR Petition; (3) omitted citation to any
federal case; and (4) did not indicate that he was relying on any
of the state cases he cited for their analysis of a federal issue.

    Accordingly, it appears that petitioner, who was represented by
counsel during all levels of his post-conviction review, intended

---

[1] By contrast, petitioner in this case dropped his federal references after his
PCR trial.  This distinction does not affect the applicability of Peterson to the facts
of this case.

to abandon his federal constitutional claim. <u>See</u> <u>Id</u> at 1159 (absence of federal claim in counseled appellate brief is evidence of strategic choice to omit such a claim which had been raised in a lower court).

As petitioner failed to fairly present his federal ineffective assistance of counsel issue to the Oregon Court of Appeals, it was not preserved for review in the Oregon Supreme Court. Even if the claim had been preserved, petitioner's Petition for Review failed to cite the federal Constitution or any federal case and failed to clarify that he intended to rely on the state cases he cited for their analysis of a federal issue. <u>See</u> Respondent's Exhibit 123.

As petitioner failed to fairly present his federal claim to the Oregon Court of Appeals and the Oregon Supreme Court, the claim remains unexhausted. Because the time for presenting the claim to Oregon's state courts passed long ago, the claim is also procedurally defaulted. Petitioner has neither shown cause and prejudice nor made a colorable showing of actual innocence sufficient to excuse the default.

## III. <u>Unargued Claims</u>.

In his Response, respondent addressed a number of claims in the *pro se* Petition which petitioner did not support with any briefing. The court deems these claims abandoned. <u>Cf</u>. <u>Doty v. County of Lassen</u>, 37 F.3d 540, 548 (9th Cir. 1994) ("[t]he failure to brief [an] issue waives [the appellant's] right to appeal" it).

Even if petitioner had not abandoned these claims, they were not fairly presented to the state courts and are procedurally defaulted.  <u>See</u> Respondent's Exhibits 121, 123.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due June 16, 2006.  If no objections are filed, then the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this 30th day of May, 2006.


/s/  Janice M. Stewart
          Janice M. Stewart
          United States Magistrate Judge

10 - FINDINGS AND RECOMMENDATION